Gildersleeve, J.
Fifty-one men, having been duly appointed, qualified and served as inspectors of election at the primary election held March 29, 1904, in the county of Hew York. For this service each inspector was entitled to receive, as compensation, five dollars, from the comptroller of the city of Hew York. Said inspectors duly assigned, in writing, to one Louis Jaretsky, their several claims for services, above stated, and each delivered to 'him a card bearing the signature respectively of each inspector. The following is a copy of the card of inspector of election Bernard B. Walsh, in words and figures, viz.:
“ Board of Elections —- City of Hew York,
“ Branch Office, 112 West 42nd Street,
“ Borough of Manhattan,
“March 29, 1904.
c<Bernard B. Walsh (signature of inspector).
“I hereby certify (for the purposes of identification), that, to the best of my knowledge and belief, the above sig *606 nature was written by the person whose name it represents, his name appearing upon the pay-roll, and who qualified and served as inspector of election at the primary election held • March 29, 1904, in the 102 election district, 1 assembly district, Ctiunty of Eew York.
“Wm. O. Baxter,
“ Chief Clerk,
“ Branch office of the Board of Elections, ■ Borough of “ Manhattan.
“ To City Paymaster,
“65 Reade Street, Manhattan.”
“ To be signed and filed in the Borough Office, Board of Elections, March 30th, 1904.”
Said Jaretsky thereafter filed the fifty-one cards at the branch office of the board of elections, in compliance with the directions appearing thereon, and upon being refused the return of the cards with the certificate of the “ Chief Clerk, Branch Offide of the Board of Elections, Borough of Manhattan,” attached thereto, made assignment of the cards to the plaintiff herein. The plaintiff brings this action for the conversion of said cards by the defendants, the members of the board of election of the city of New York, through their agent at their borough office in Manhattan.
Upon the trial below the court directed a verdict for the plaintiff,, and thereafter, on a motion for a new trial, set aside the verdict and dismissed the complaint. From the order setting aside’ the verdict and from the judgment the plaintiff appeals to this court.
Section 12 of the Election Law, providing for the appointment of election officers is in part as follows: “ Every person so sworn as an election officer shall receive a certificate of appointment and qualification, signed by the person who administered the oath, in such form as may be approved by the board or officer by which or whom he was appointed, and specifying the capacity and election district in which he is to serve, and the date of the expiration of his term of office.” And the closing sentence of said section 12 *607 provides: “ Such officers shall he paid by the comptroller of the respective cities within twenty days after the election at which such officer served, upon the certificate of the board or officer appointing them.” t
And these are the only provisions in the statute providing for or referring to a certification by the board of election of services rendered by the election inspectors.
Pursuant to these provisions of law, the defendants did, in fact, provide the form of certification of appointment, and the certification on the pay-rolls of the services performed by the different election officers.
This constituted a full compliance with the law by the defendants and completed every certification required of them by the statute.
To entitle the plaintiff to succeed in this action, it must appear from the evidence that the cards in question had some intrinsic value, were the property of plaintiff, and that he was entitled to the possession thereof at the time of making the demand therefor. These elements are wanting in this case. The evidence shows that the cards in question were delivered by the board of elections to the several inspectors, that they might be filed, in the respective borough offices, so that qn opportunity might be afforded to identify in an efficient manner the signatures of the inspectors appearing thereon. The issuing of the cards was a detail inaugurated by the board of elections- in the exercise of their administrative discretion in discharging the duties imposed upon them by law. The cards were not included or referred to in the assignments to the plaintiff’s assignor by the several inspectors of their claims for services. The plaintiff received from his assignor no title to the cards or right to their possession. At the most the plaintiff’s custody of the cards was strictly a limited possession which he voluntarily surrendered in accordance with the terms of the writing on the cards themselves.
It seems clear, from a careful consideration of all the testimony, that plaintiff was without any right whatsoever to the possession of the cards at the time he made demand therefor. *608 There is a total failure of facts essential to establish a cause of action in conversion. '
The judgment and order appealed from must be affirmed, with costs to the respondents.
Freedman, P. J., and Bischoff, J., concur.
Judgment and order affirmed, with costs to respondents.